UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENVIRONMENTAL INTEGRITY PROJECT**<br>1000 Vermont Ave. NW, Suite 1100<br>Washington, DC 20005<br><br>                    Plaintiff,<br><br>     v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**<br>1200 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br><br>                    Defendant. | No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.  Plaintiff, the Environmental Integrity Project (EIP), files this lawsuit to remedy violations of the Freedom of Information Act (FOIA or Act), 5 U.S.C. § 552, — more specifically the failure of the Defendant, the Environmental Protection Agency (EPA or Agency), to respond to Plaintiff's FOIA request within 20 days as mandated by the statute.

2.  EIP is seeking records of communications between EPA's press office or other agency staff and reporters regarding EPA's "New and Revised Emission Factors for Flares and New Emission Factors for Certain Refinery Process Units and Determination for No Changes to [Volatile Organic Compound] Emission Factors for Tanks and Wastewater Treatment Systems" (Emission Factor Determination).

3.  EPA published its Emission Factor Determination to its website on April 20, 2015 to satisfy the terms of a consent decree resolving a lawsuit filed by EIP against the Defendant

alleging that the agency failed to comply with Section 130 of the Clean Air Act, which requires the agency to review volatile organic compound (VOC) and nitrogen oxide ($NO_x$) emission factors once every three years and revise them if necessary.

4. On April 21, 2015, reporters informed EIP that they had received materials or other communications from EPA's press office regarding the Emission Factor Determination explaining that the new VOC emission factor for flares only applied to flares operating at refineries and petrochemical plants, not facilities in the oil and gas sector, including extraction, processing and transmission facilities.

5. Eric Schaeffer, EIP's executive director, emailed Liz Purchia, Deputy Assistant Administrator, EPA Office of Public Affairs, Steve Fruh, EPA Office of Air Quality Planning and Standards, and Bob Schell, EPA Office of Air Quality Planning and Standards on April 21, 2015 to request a copy of the press statement that was distributed by EPA to reporters.

6. EPA did not respond to Mr. Schaeffer's inquiry.

7. On April 22, 2015, EIP emailed EPA a FOIA request seeking records of any communications between EPA press officers or other EPA officials and journalists between April 15, 2015 and April 23, 2015 concerning EPA's determination on emission factors published to its website on April 20, 2015.

8. EIP is unable to obtain the requested records directly from the press because, in part, it does not know who EPA has communicated with, what was communicated or what medium or format the communications occurred on.

9. Plaintiff inquired about the status of its request on June 25, 2015, via email.

10. Despite Plaintiff's inquiry, Defendant has failed to respond to the FOIA request as of the filing date of this complaint.

11. This delay is unreasonable in light of the fact that the records EIP is requesting are possessed by EPA and readily accessible by the agency.

12. An important aspect of EIP's mission is to advocate for regulation that is protective of human health and the environment. As one method to advance this mission, EIP advocates for more accurate emission estimation and reporting requirements to assure that facilities comply with applicable emission limits and provide regulators with the data necessary to develop protective regulations and permits.

13. EPA's disregard of its duty to release the documents requested has harmed, and will continue to harm Plaintiff. The failure to timely disclose records impairs Plaintiff's ability to ensure that EPA properly communicates agency decisions to the public fairly and on an equal basis.

14. Plaintiff files this complaint for declaratory and injunctive relief against EPA for EPA's failure to timely respond to Plaintiff's FOIA request as required by law.

## JURISDICTION

15. This action arises under the citizen suit provision of the Freedom of Information Act. 5 U.S.C. § 552 (a)(4)(B).

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

17. This Court is a proper venue for all FOIA actions. 5 U.S.C. § 552(a)(4)(B); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).

18. FOIA provides that this Court may issue a declaratory judgment, provide injunctive relief, and grant other equitable relief as the Court may deem just and proper. 5 U.S.C. § 552(a)(4)(B); *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir.

1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.") (*citing Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 20 (1974) ("With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court.")).

19. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

20. Plaintiff EIP is a nonpartisan, nonprofit organization founded in 2002 by former EPA enforcement attorneys to advocate for more effective enforcement of environmental laws. EIP's three main objectives are: to provide objective analysis of how the failure to enforce or implement environmental laws increases pollution and affects the public's health; to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws; and to help local communities in key states obtain the protection of environmental laws.

21. Since 2002, EIP has focused on pollution generated by petroleum refineries and other large sources of air and water pollution. As part of its efforts to ensure effective enforcement of environmental laws, EIP advocates for more accurate emissions reporting.

22. A significant component of Plaintiff's mission is to hold federal agencies accountable for compliance with environmental laws and provide objective analysis of how the failure to comply with environmental laws increases pollution and affects the public's health. Pursuant to this mission, Plaintiff collaborates with local, state, regional, and national stakeholder groups to improve emissions reporting of air pollution.

23. Defendant EPA is a government agency responsible for protecting "the environment by abating and controlling pollution on a systemic basis." 40 C.F.R. § 1.3. Its chief responsibilities are: (1) research; (2) monitoring; (3) standard setting; and (4) enforcement activities related to pollution abatement and control. The agency is also charged with supporting "research and antipollution activities carried out by . . . public groups." *Id*.

## LEGAL BACKGROUND

24. "In our democracy, the Freedom of Information Act (FOIA), which encourages accountability through transparency, is the most prominent expression of a profound national commitment to ensuring an open Government." Freedom of Information Act: Memorandum for the Heads of Executive Departments and Agencies, 74 Fed. Reg. 4683 (Jan. 26, 2009). "Timely disclosure of information is an essential component of transparency." Memorandum from Attorney General Eric Holder, to Heads of Executive Departments and Agencies, The Freedom of Information Act (FOIA) (Mar. 19, 2009).

25. Specifically, the Freedom of Information Act requires that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore . . . ." 5 U.S.C. § 552 (a)(6)(A)(i). In "unusual circumstances" the time limits may be extended by written notice, which must include "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552 (a)(6)(B)(i). This extension notice may not "specify a date that would result in an extension for more than ten working days" unless defendant invokes a narrow exception, wherein the agency reasonably asks the requester to narrow the scope of his or her inquiry. *Id*. Thus, the statute mandates that an

agency shall respond with a determination no more than 30 working days of receiving a FOIA request.

26. The Freedom of Information Act provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ." 5 U.S.C. § 552 (6)(C)(i).

## FACTUAL BACKGROUND

27. EPA announced its Emission Factor Determination on April 20, 2015.

28. Plaintiff was notified by the press that they had received documents or other communications from EPA's press office explaining the scope and applicability of EPA's determination on April 21, 2015.

29. Plaintiff emailed EPA staff to request a copy of the documents or other communications EPA circulated to reporters regarding the Emission Factor Determination on April 21, 2015. Email From Eric Schaffer, Executive Director, EIP to Liz Purchia, Deputy Assistant Administrator, EPA Office of Public Affairs, (April 21, 2015) (Ex. A); Email from Eric Schaeffer, Executive Director, EIP to Steve Fruh and Bob Schell, EPA Office of Air Quality Planning and Standards (April 21, 2015) (Ex. B).

30. EPA did not respond to Plaintiff's request.

31. Plaintiff submitted a request for documents pursuant to the Freedom of Information Act to EPA using the federal government's FOIA Online website on April 22, 2015. 5 U.S.C. § 552. (Ex. C).

32. The FOIA tracking number for this request is EPA-HQ-2015-006457.

33. Specifically, Plaintiff's FOIA request seeks records of communications between EPA press officers or other agency staff and journalists concerning EPA's Emission Factor determination first published on EPA's website on April 20, 2015.

34. On June 25, 2015, plaintiff sent an email to EPA's FOIA office to inquire about the status of the FOIA request. Defendant has not responded. Email from Tom Pelton, Director of Communications, EIP to foia_hq@epa.gov (Ex. D).

35. As of the date of filing this complaint, Defendant EPA has not responded to EIP's FOIA request or email inquiry requesting a status update on the FOIA request.

## CAUSE OF ACTION: VIOLATION OF FOIA

36. Plaintiff re-alleges and incorporates paragraphs 1 through 35.

37. Count 1: Plaintiff has a statutory right to have EPA process Plaintiff's FOIA request within the timeframes mandated by the Act.

38. Defendant's failure to timely respond to Plaintiff's FOIA request is a violation of the FOIA requirement that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore . . . ." 5 U.S.C. § 552 (a)(6)(A)(i).

39. Because more than 30 days have passed since Plaintiff filed its FOIA request and Defendant has not yet responded, this case is ripe for adjudication.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

40. Declare Defendant's failure to timely respond to Plaintiff's FOIA request to be unlawful under the Freedom of Information Act, 5 U.S.C. § 552 (a)(6)(A)-(B).

41. Order Defendant EPA to respond to Plaintiff's FOIA request immediately and to immediately provide Plaintiff with all of the documents identified in Plaintiff's FOIA request.

42. Award Plaintiff its costs of this action, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

43. Retain jurisdiction to ensure compliance with the Court's decree.

44. Grant such other relief as the Court deems just and proper.

DATED:   July 24, 2015

Respectfully submitted,

/s Sparsh Khandeshi_____
Sparsh Khandeshi, DC Bar No. 1000899
Environmental Integrity Project
1000 Vermont Ave., Suite 1100
Washington, DC 20005
(202) 263-4446
skhandeshi@environmentalintegrity.org
*Attorney for Environmental Integrity Project*